OTIS WILLIS v. JOHN A. BOEHME.

Submitted October 12, 1928—Decided May 7, 1929.

Before GUMMERE, CHIEF JUSTICE, and Justice PARKER.

For the appellant, *Ward Kremer.*

For the respondent, *William Hartshorne.*

PER CURIAM.

The present suit was brought by the plaintiff to recover a commission from the defendant, who was a real estate agent in Asbury Park and Bradley Beach. The latter having become aware that one Mrs. Haschert was intending to purchase a summer home in that neighborhood and knowing that she was related to the plaintiff, sought him out and promised that if he could get Mrs. Haschert to purchase property which was in his (the defendant's) hands for sale as a real estate broker he would pay the plaintiff half the commissions received for the sale. The plaintiff accepted the offer and showed Mrs. Haschert various pieces of property in that locality which had been placed by the respective owners thereof with the defendant for sale, with the result that she became interested in one of them and negotiated with the defendant for its purchase, and that purchase was finally consummated. Plaintiff then requested the defendant to pay him the one-half of the commission received by him from the

latter on the sale, and this request was refused. He then instituted the present suit and the trial resulted in a verdict in his favor. From the judgment entered thereon the defendant has appealed.

The single ground upon which we are asked to reverse the judgment under review is that the trial court erred in refusing to direct a nonsuit or a verdict for the defendant. These motions were made upon the theory that it conclusively appeared that the plaintiff while acting as the representative of Mrs. Haschert in the transaction was attempting to persuade her to purchase the property in order that he might share in the commissions to be paid by the owner in case of the sale; and the argument is that public policy will not recognize the validity of a contract such as that now before us when these facts are made to appear. We have no quarrel with the legal proposition, but our examination of the case satisfies us that it was a disputed question of fact at the trial whether the plaintiff was or was not acting in a dual capacity, that is, acting as the representative of Mrs. Haschert in the transaction and also attempting for his own benefit to persuade her to purchase the property. This being so it was for the jury, not for the court, to determine the status of the plaintiff in the transaction leading to the purchase of the property by Mrs. Haschert; and, consequently, the motions to nonsuit and to direct a verdict for the defendant were each of them properly refused.

The judgment under review will be affirmed.